UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RICKY EVANS, | : | |
| | : | No. 11-cv-02080-JFB |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM IN SUPPORT** |
| | : | **OF THE DEFENDANTS'** |
| RJM ACQUISITIONS, LLC, and | : | **MOTION TO DISMISS** |
| RJM ACQUISITIONS FUNDING, LLC, | : | |
| | : | |
| Defendant. | : | SEPTEMBER 22, 2011 |

### Statement of Facts

The plaintiff has filed a Complaint claiming relief under a wide variety of legal theories, as follows: (1) Fair Debt Collection Practices Act; (2) Fair Credit Reporting Act; (3) Negligent, Reckless and Wanton Conduct; (4) Harassment; (5) Invasion of Privacy; (6) Defamation; and (7) Intentional Misrepresentation.  The Complaint is filled with mere legal conclusions devoid of any factual basis, except the incorrect allegation that defendant allegedly accessed plaintiff's Trans Union credit report in August 2010 without a permissible purpose.  For the reasons set forth below, the plaintiff's claims should be dismissed in their entirety.

### ARGUMENT

### I.    THE PLEADING STANDARD ON A MOTION TO DISMISS

When deciding a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in the plaintiff['s] favor."  *Warner Bros. Entm't*, 516 F. Supp. 2d at 267 (citing *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d Cir.

2000)) (alterations in original). To survive a motion to dismiss, however, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S.Ct. 1955, 1974 (2007). "The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*) (quotations and citation omitted); *accord Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly, supra*. The *Twombly* and *Iqbal* "plausibility" standard applied in cases involving *pro se* plaintiffs as well as in cases involving plaintiffs who are represented by counsel. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 1999). Through legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Iqbal, supra* at 950; *Puglisi v. Debt Recovery Solutions, LLC*, 2010 WL 376628 (E.D. N.Y. 1/26/2010). Entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Twombly, supra* at 555. Although a court must accept as true the allegations contained in the complaint, that "tenet" is inapplicable to legal conclusions. *Iqbal, supra*, at 1949. The complaint must provide fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardue*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).

## II.    THE PLAINTIFF'S THEORIES OF RECOVERY

As mentioned above, the plaintiff has asserted a variety of federal statutory and state law common law claims, without meeting the pleading standards set forth in

*Twombly and Iqbal*. The plaintiff has therefore failed to state a claim upon which any claim for relief may be based.

### A. FDCPA

The plaintiff purports to claim relief under the FDCPA on the basis of a single instance in August 2010 in which the defendant allegedly accessed the plaintiff's credit file with Trans Union. The Complaint fails to indicate that there exists a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), or that the plaintiff is a consumer under 15 U.S.C. § 1692a(3), threshold elements for any FDCPA claim.

Although plaintiff alleges that defendant is a "Collection Agency" he has not alleged in any way how, if at all, defendant is alleged to have violated any provision of the FDCPA. The complaint states merely that defendant "willfully and/or negligently violated multiple provisions of the FDCPA in one or more respects."[1]

### B. FCRA

The plaintiff alleges that defendant accessed his consumer credit file without a permissible purpose in violation of *Pintos v. Pacific Creditors Association*, 605 F.3d 665 (9th Cir. 2010), a Ninth Circuit decision under 15 U.S.C. § 1681b, which statute permits access to a consumer credit file only for certain specified authorized purposes, some of which require permission of the plaintiff and some of which do not.

Section 604 of the Fair Credit Report Act, 15 U.S.C. § 1681b, provides, as follows:

> [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> \* \* \* \*

---

[1] The Complaint asserts absolutely no wrongdoing by named defendant RJM Acquisitions Funding, LLC.

3

> To a person which it has reason to believe—
>
> (A) Intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of any account of the consumer.
>
> \* \* \* \*
>
> (F) Otherwise has a legitimate business need for the information— . . . (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681b(a)(3)(A) and (F)(ii) (emphasis added).

A reporting agency may also provide such a report to a person that it has reason to believe intends to use the information as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with an existing credit obligation. 15 U.S.C. § 1681b(a)(3)(E).

The FCRA provides that a person shall not use or obtain a consumer report for anything other than an authorized purpose. 15 U.S.C. § 1681b(f).

To the extent that the plaintiff asserts that RJM was a "collection agency" seeking to collect the debt in question, it is well settled that debt collectors have a permissible purpose to access credit reports of a consumer in connection with an account relating to the consumer. *E.G. Perretta v. Capital Acquisitions & Management Co.*, 2003 WL 21383757 (N.D. Cal 2003); *McNall v. Credit Bureau of Josephine County*, 689 F. Supp.2d 1265 (D. Or. 2010); *Ostrander v. Unifund*, 2008 WL 850329 (W.D.N.Y. 3/28/2008); *Miller v. Wolpoff & Abramson*, 309 Fed. Appx. 40 (7th Cir. 2008).

In the event a defendant had acquired ownership of the account sought to be collected, there can be no question that defendant had a permissible purpose to access

4

the report. *Zeller v. Samia*, 758 F. Supp. 775 (D. Mass. 1991); *Grenier v. Equifax Credit Information Service*, 892 F. Supp. 57 (D. Conn. 1995).

The *Pintos* decision is limited to its facts. In *Pintos,* the debt in question was not initiated by the plaintiff, but instead constituted unilateral charges imposed by a company for towing and impound charges for a motor vehicle related to a police impound. There are no such allegations in this action. *Pintos* has no application here.

Plaintiff also alleges the defendant failed to comport with the reinvestigation procedures of the FDCPA. This sparse and conclusory allegation is insufficient to state a plausible claim for the violation of the FCRA. If plaintiff is basing the claim on any dispute lodged by plaintiff directly with a defendant, the claim is misguided because there is no private cause of action for the handling of such a dispute. *See* 15 U.S.C. § 1681s-2(a)(8).

Plaintiff also asserts that defendant (a) refused to "properly update plaintiff's accounts," failed "to show the accounts as being disputed by plaintiff" and reported "invalid debt" on the plaintiff's credit reports. These allegations are merely conclusions without any factual allegations that would allow defendant to have proper notice of a claim. Regardless of the form of the pleading, to the extent that such claims are based upon 15 U.S.C. § 1681s-2(a)(1), such violations are subject to no private right of action. 15 U.S.C. § 1681s-2(c)e(1); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002) [distinguishing §1681s-2(a) from §1681s-2(b) which has a private cause of action]; *Pirouzian v. SLM Corp.,* 396 F. Supp.2d 1124 (S.D.Cal. 2005); *O'Diah v. New York City*, 2003 WL 21997748 (S.D.N.Y. 2003); *Cisneros v. Trans Union,* 293 F. Supp. 2d 1167 (D. Haw. 2003).

Accordingly, the plaintiff's conclusory allegations define no actionable conduct by any defendant.

**III.     IF THE FEDERAL CLAIMS ARE DISMISSED THE COURT MAY DECLINE JURISDICTION OVER THE STATE LAW CLAIMS**

Where the only claims upon which original federal jurisdiction is based are dismissed, the Court may decline to exercise supplemental jurisdiction over state law claims.  Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998); 28 U.S.C. § 1367(c)(3). However, because the allegations in the state law claims are wholly inadequate to give rise to any valid cause of action, this court may exercise jurisdiction to bring this purported dispute to an end.

**IV.     STATE LAW CAUSES OF ACTION**

   **A.     The Plaintiff Fails To State A Claim For Relief Under State Law.**

Even if the court retains jurisdiction over the plaintiff's state law claims, the plaintiff's pleading of such claims is stated as mere legal conclusion and, accordingly, the claims must be dismissed.  The claims of negligence fail to allege any duty, the claims of harassment from a single pulling of a credit report are legally insufficient, as are claims of invasion of privacy.  The claim of intentional misrepresentation fails to plead facts supporting any of the elements as would be required by Federal Rule of Civil Procedure 9(b).

## B.    <u>State Law Claims Are Pre-Empted By The FCRA.</u>

The plaintiff complains of the manner in which he was allegedly affected by credit reporting. To the extent that plaintiff seeks to assert certain claims under state law, the claim is preempted by the Fair Credit Reporting Act ("FCRA"), which provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15. U.S.C. §1681h(e). This section has the effect of precluding a variety of common law causes of action other than under the FCRA against a furnisher unless there are allegations of false information <u>and </u>allegations of malice or willful intent to injure. Such allegations here are nothing more than conclusory allegations that do no state a legally sufficient cause of action.

The ability of state law to address matters relating to credit reporting is also limited by Section 1681t(1) of the FCRA, which provides that "[n]o requirement or prohibition may be imposed under the laws of any state -- with respect to any subject matter regulated under…(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies [with certain exceptions not applicable here]." 15 U.S.C. §1681t(1)(F). Section 1681s-2 governs the duties of furnishers.

Accordingly, the duties of furnishers are the exclusive province of federal law under the FCRA, and there can be no New York state law implicating the duties of furnishers of information to consumer reporting agencies. *See, e.g., Jarrett v. Bank of America,* 421 F. Supp. 2d 1350 (D. Kan. 2006).

As a result of the foregoing, as a matter of law, the plaintiff's Complaint does not state a cognizable claim for relief under state law, any such claim being preempted by the FCRA.

## Conclusion

The plaintiff's factually sparse Complaint does not articulate any plausible private cause of action under federal law. For this reason the Complaint may be dismissed. The plaintiff's state law claims are also flawed, being supported, not with facts, but with mere conclusions that are, in most cases, pre-empted by federal law. The Complaint contains no plausible assertion of any actionable conduct by either named defendant.

The defendants' motion should be granted.

Respectfully submitted,

Date: September 22, 2011

DEFENDANTS
RJM ACQUISITIONS, LLC AND
RJM ACQUISITIONS FUNDING, LLC

By: _____/s/_____
     Jonathan D. Elliot

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
Email: jelliot@znclaw.com

Their Attorney

8

## **CERTIFICATION**

      I hereby certify that on September 22, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

Ricky Evans  
P.O. Box 1665  
Statesboro, GA 30459  

and in addition via electronic mail to[2]: gloria1936@ymail.com

                                                        _____/s/_____  
                                                     Jonathan D. Elliot

---

[2] Plaintiff has not provided an updated mailing address as ordered by the Court on August 4, 2011. Plaintiff has communicated, however, using the above e-mail address.